FILED
2026 Sep-03 PM 04:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)**

| | | |
|---|---|---|
| **GEHOVANI ALVIRDE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:26-cv-00747-NAD** |
| | ) | |
| **CITY OF HUEYTOWN, ALABAMA; JOHN ATKINSON, Hueytown Police Officer, in his individual capacity; BENJAMIN ELWOOD ROGERS, federal immigration enforcement agent, in his individual capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Gehovani Alvirde Ruiz ("Plaintiff" or "Alvirde"), by and through counsel, files his First Amended Complaint and states as follows:

## INTRODUCTION

1. This case arises from a warrantless, home-based seizure that Plaintiff alleges violated clearly established constitutional limits on entry onto private property, detention, and arrest.

2. On February 1, 2025, Plaintiff, a lawful permanent resident of the United States, arrived home from work, pulled into his yard, and sat in his car briefly with food he had just bought for his family.

3. Within seconds, four government agents (three federal immigration agents and one

Hueytown police officer) walked onto his property without a warrant, and Agent Rogers forcefully opened Mr. Alvirde's door.

4. Agent Rogers demanded to see Mr. Alvirde's legal identification without having any prior interactions with him.

5. Plaintiff complied. He handed Agent Rogers his valid Alabama driver's license and his valid Permanent Resident Card ("Green Card").

6. Despite Plaintiff's production of lawful identification documents, Agent Rogers stated that he believed the documents were not genuine and said, "you're in the United States without permission" to Mr. Alvirde.

7. They accused Mr. Alvirde of carrying 'fake' documents and restrained him in front of his home despite his requests for legal documentation supporting the detention.

8. The officers failed to provide any detention documentation, such as a warrant, and transported him to an ICE facility.

9. Plaintiff was not charged with any crime, was not served with any immigration charging document, and was not ultimately detained for any legitimate immigration violation.

10. He remained in custody for hours because Defendants proceeded with the detention before adequately verifying the validity of the documents Plaintiff had presented.

11. Only after Plaintiff had been handcuffed by Agent Rogers, transported, and held for hours did Defendants acknowledge that Plaintiff was lawfully present in the United States and that his documents were valid.

12. This action seeks damages, appropriate declaratory relief, and prompt identification of the federal agents who participated in the events described herein.

## PARTIES, JURISDICTION, AND VENUE

13. Plaintiff **Gehovani Alvirde** Ruiz is an adult resident of Jefferson County, Alabama. Plaintiff is lawfully present in the United States and has been a lawful permanent resident for years.

14. Defendant **City of Hueytown, Alabama** ("Hueytown" or "City") is an Alabama municipal corporation operating the Hueytown Police Department and employing Defendant Atkinson at all relevant times.

15. Defendant **John Atkinson** is a Hueytown police officer who acted under color of state law at all relevant times. He is sued in his individual capacity for damages.

16. Defendant **Benjamin Elwood Rogers**, originally identified herein as John Doe 1, together with John Doe 2 and John Doe 3, are federal immigration enforcement agents who participated in the entry onto Plaintiff's property, seizure, arrest, and detention described herein. They are sued in their individual capacities.

17. Plaintiff will amend this Complaint to substitute the true names of the Doe Defendants when they are identified through discovery and/or initial disclosures.

18. This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fifth Amendments, and Plaintiff seeks relief including under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

19. This Court has supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367.

20. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the

events giving rise to these claims occurred in Jefferson County, Alabama, within the Northern District of Alabama.

## FACTS

**Plaintiff is a lawful permanent resident living a normal, lawful life in Alabama.**

21. Plaintiff is a husband and father who lives in Jefferson County, Alabama.

22. He works long hours in an effort to support his family.

23. Plaintiff speaks English.

24. Plaintiff has health issues, including blood-pressure concerns and prediabetic symptoms, for which he keeps medication.

**Defendants encountered Plaintiff at his home, not during a traffic stop or other public stop.**

25. On February 1, 2025, Mr. Alvirde arrived home from work in the morning hours after an overnight shift.

26. Plaintiff pulled into the yard of his home, parked his car, and turned it off.

27. Plaintiff was seated in his vehicle on his own property with the door shut.

28. Plaintiff had committed no crime and posed no threat to anyone.

29. Plaintiff had not been stopped in public. He was not fleeing. He was not hiding. He was home.

**Without a warrant, Defendants entered Plaintiff's property and escalated the encounter immediately.**

30. Without Plaintiff's consent and without a warrant, Defendants approached Plaintiff on private property within the curtilage of his home.

31. Agent Rogers opened the door of Plaintiff's vehicle without requesting Plaintiff to step out first or explaining to Mr. Alvirde why he was on his property to begin with.

32. Agent Rogers immediately issued commands for Mr. Alvirde to step out of his vehicle and treated Plaintiff as detained before establishing a lawful basis to do so.

33. Defendants demanded identification and questioned Mr. Alvirde about his identity and place of birth.

34. A Hueytown police officer, Defendant Atkinson, was present with the federal agents and participated in the encounter, thereby lending state authority to the detention.

35. Defendants did not display an arrest warrant. Defendants did not provide a lawful basis for being on Plaintiff's property although being asked numerous times for a justification.

36. Even after Plaintiff requested to see legal grounds for the stop, defendants would not supply any documentation or an explanation as to why they had entered Mr. Alvirde's property.

37. Defendants insisted that once Plaintiff's identity was verified, they would give him the documentation he was requesting.

38. Defendants did not have a search warrant.

39. Plaintiff didn't consent to a search or seizure.

**Plaintiff complied and produced valid, lawful documents.**

40. Plaintiff complied with Defendants' demands as he was waiting for Agent Rogers to return with his driver's license.

41. Plaintiff produced a valid Alabama driver's license.

42. Plaintiff produced his valid lawful permanent resident card ("Green Card").

43. The documents were not counterfeit and were not "fake."

**Defendants nevertheless accused Plaintiff of possessing "fake" documents, arrested him, and took him into federal custody.**

44. Defendants declared, in substance and in repeated fashion, that Plaintiff's authentic and

valid documents were "fake."

45. Before arresting Plaintiff, Defendants did not perform reasonable on-scene verification sufficient to establish probable cause that Plaintiff was committing an offense or was unlawfully present.

46. Defendants handcuffed Plaintiff and treated him as a criminal on his own property.

47. The handcuffs were applied tightly enough to cause pain and leave marks on Mr. Alvirde's wrists.

48. Defendants told Mr. Alvirde, "What you just did, that act, now you're going to get charged" although having no lawful ground to press any charges against him.

49. Defendants searched Plaintiff's person and personal effects without a warrant, consent, or other lawful justification.

50. Before transporting Plaintiff, Defendants denied him a meaningful opportunity to contact family or counsel.

51. Defendants transported Plaintiff away from his home and family to a federal immigration detention facility in Homewood, Alabama.

52. Plaintiff was held in custody.

53. During his detention, Defendants continued to insist that his lawful documents were "fake," and treated Plaintiff with contempt and humiliation.

54. Only after Defendants eventually ran checks and compared identifying information did they begin to acknowledge that they had made an error.

55. Plaintiff was released.

56. No Defendant charged Mr. Alvirde with a crime.

57. Plaintiff was not served with a Notice to Appear, or any other immigration charging

document and was not ultimately detained for any legitimate immigration violation.

58. Defendants' conduct caused Plaintiff to suffer fear, humiliation, emotional distress, physical pain, and disruption of his ability to work and care for his family.

**Plaintiff alleges that the City is liable because the events described above were caused by policy, custom, practice, failure to train, failure to supervise, and/or deliberate indifference.**

59. On information and belief, the City of Hueytown maintained policies, customs, or practices that permitted Hueytown police officers to participate in federal immigration operations or other joint encounters without adequate constitutional safeguards.

60. On information and belief, Hueytown failed to train and supervise its officers, including Defendant Atkinson, on:

a. the limits of local authority regarding civil immigration enforcement;

b. the constitutional requirements for entry onto private property;

c. the constitutional requirements for investigatory detentions and arrests;

d. the prohibition against detentions based on race, ethnicity, or national origin; and

e. the duty to intervene when another officer or agent violates constitutional rights.

61. On information and belief, Hueytown tolerated or encouraged cooperation that resulted in unlawful detentions and arrests of Latino residents and workers based on generalized assumptions rather than individualized suspicion.

62. Defendant Atkinson's participation was not an unavoidable accident. It was the foreseeable consequence of the City's failure to implement lawful policies, training, and supervision.

**COUNT 1**
**(42 U.S.C. § 1983 – Fourth Amendment)**
**(Unlawful Entry onto Curtilage / Unlawful Search)**
**(Against Defendant Atkinson)**

63. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

64. The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, including the curtilage of the home, against unreasonable searches and seizures.

65. Atkinson, acting under color of state law, entered or remained on Plaintiff's curtilage without a warrant, consent, or exigent circumstances and participated in the resulting encounter at Plaintiff's vehicle.

66. By that conduct, Atkinson violated Plaintiff's rights under the Fourth Amendment.

67. Plaintiff suffered damages as a direct and proximate result.

**COUNT 2**
**(42 U.S.C. § 1983 – Fourth Amendment)**
**(Unlawful Seizure / False Arrest)**
**(Against Defendant Atkinson)**

68. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

69. Atkinson participated in the seizure and arrest of Plaintiff without a warrant and without probable cause or another lawful basis.

70. At the time of the arrest, there was no objectively reasonable basis to believe Plaintiff had committed a crime or was unlawfully present in the United States.

71. At the time of the arrest, Plaintiff had not committed a crime, meaning the entrance of Defendant Atkinson onto Plaintiff's property constituted an unreasonable seizure in violation of Mr. Alvirde's Fourth Amendment rights, as well as an unlawful deprivation of Mr. Alvirde's liberty in violation of Due Process.

72. That conduct violated the Fourth Amendment.

**COUNT 3**
**(42 U.S.C. § 1983 – Fourth Amendment)**
**(Unreasonable Continued Detention)**
**(Against Atkinson)**

73. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

74. To the extent Defendants claimed suspicion at the outset, that suspicion was dispelled when Plaintiff produced a valid driver's license and a valid Permanent Resident Card.

75. Atkinson nevertheless participated in continuing Plaintiff's seizure and transport after Plaintiff produced that identifying documentation.

76. The continued detention was unreasonable under the Fourth Amendment.

**COUNT 4**
**(42 U.S.C. § 1983 – Failure to Intervene)**
**(Against Defendant Atkinson)**

77. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

78. Atkinson was present while federal agents unlawfully intruded upon Plaintiff's property, opened his car door, seized him, accused him of fake documents without lawful basis, and arrested him.

79. Atkinson had a realistic opportunity to intervene to prevent or stop the warrantless entry onto curtilage, opening of Plaintiff's car door, seizure, arrest, and continued detention, but failed to do so.

80. Atkinson is liable for failure to intervene.

**COUNT 5**
**(42 U.S.C. § 1983 – Fourteenth Amendment)**
**(Equal Protection – Racial/National-Origin Discrimination)**
**(Against Atkinson)**

81. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

82. Plaintiff alleges that he was targeted and treated as presumptively unlawfully present based on his Latino ethnicity, Mexican origin, and/or perceived immigration status.

83. Atkinson participated in or facilitated enforcement actions directed at Plaintiff because of Plaintiff's race and/or national origin, and Plaintiff was treated differently on that basis.

84. This conduct violated the Equal Protection Clause.

**COUNT 6**
**(42 U.S.C. § 1983 – Fourth Amendment (Excessive Force))**
**(Against Atkinson)**

85. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

86. In the course of the seizure and arrest, Atkinson used or participated in force that was objectively unreasonable under the circumstances, including handcuffing Plaintiff tightly enough to cause pain and leave marks.

87. As a direct and proximate result of that force, Plaintiff suffered physical pain, emotional distress, and other damages.

**COUNT 7**
**(42 U.S.C. § 1983 – Municipal Liability)**
**(Monell – Policy/Custom/Practice)**
**(Against City of Hueytown)**

88. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

89. Hueytown maintained policies, customs, or practices that were the moving force behind the constitutional violations alleged herein, including permitting officers to participate in

immigration-related encounters without adequate constitutional limitations, training, or supervision.

90. Those policies, customs, or practices caused the unlawful entry, seizure, arrest, continued detention, and related injuries alleged above.

**COUNT 8**
**(42 U.S.C. § 1983 – Municipal Liability)**
**(Monell – Failure to Train)**
**(Against City of Hueytown)**

91. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

92. Hueytown failed to train its officers on constitutional limits regarding:

a. entry onto private property and curtilage;

b. investigatory detentions/arrests;

c. immigration-status questioning and civil immigration enforcement;

d. non-discrimination obligations; and

e. duty to intervene.

93. The need for such training was obvious in light of the recurring constitutional issues presented by joint enforcement encounters on private property, and the City's failure to provide it amounted to deliberate indifference.

94. The failure to train was a moving force behind Plaintiff's injuries.

**COUNT 9**
**(42 U.S.C. § 1983 – Municipal Liability)**
**(Monell – Failure to Supervise/Discipline / Ratification)**
**(Against City of Hueytown)**

95. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

96. Hueytown failed to supervise, discipline, or restrict officer conduct concerning unconstitutional participation in immigration-related encounters and, on information and

belief, ratified such conduct after the fact.

97. Hueytown's deliberate indifference and/or ratification caused Plaintiff's injuries.

**COUNT 10**
**(Bivens – Fourth Amendment)**
**(Unlawful Entry onto Curtilage/Unlawful Seizure/False Arrest)**
**(Against Rogers and ICE Agent Does 2–3)**

98. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

99. Agent Benjamin Rogers, Doe Defendants 2 and 3, acting as federal law-enforcement officers, entered Plaintiff's curtilage and seized Plaintiff without a warrant, without probable cause, and without exigent circumstances.

100. Agent Benjamin Rogers along with the Doe Defendants opened Plaintiff's vehicle door, demanded identification, and arrested Plaintiff based on unverified and unreasonable assertions that his lawful documents were "fake."

101. Neither Agent Rogers nor the Doe Defendants adequately identified themselves, and at least some covered or obscured their last names on their uniforms.

102. Agent Benjamin Rogers along with the Doe Defendants violated Plaintiff's clearly established Fourth Amendment rights.

103. Plaintiff suffered damages as a direct and proximate result.

**COUNT 11**
**(Bivens – Fourth Amendment)**
**(Unreasonable Continued Detention)**
**(Against Rogers and ICE Agent Does 2–3)**

104. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

105. Plaintiff presented valid identification and a valid Permanent Resident Card, which dispelled or materially undermined any reasonable basis for continued detention.

106. Agent Rogers along with Doe Defendants continued to detain Plaintiff and transported him

to a detention facility anyway, alleging that his valid Permanent Resident Card was a fraudulent document.

107. The continued detention was constitutionally unreasonable.

**COUNT 12**
**(False Imprisonment (Ala. Code § 6-5-170))**
**(Against Atkinson)**

108. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

109. Defendant Atkinson participated in restraining Plaintiff and depriving him of liberty through force and threat of force.

110. The restraint was unlawful because it lacked lawful authority and lacked probable cause or other sufficient legal justification. Defendant Atkinson's conduct in participating in the unlawful restraint was willful, malicious, done in bad faith, and/or beyond his legal authority, placing it within the exceptions to state-agent immunity under Alabama Code section 6-5-338 and controlling legal principles.

**COUNT 13**
**(False Arrest)**
**(Against Atkinson)**

111. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

112. Defendant Atkinson caused or participated in Plaintiff's arrest without probable cause or other sufficient legal justification. Defendant Atkinson's participation in the arrest was willful, malicious, done in bad faith, and/or beyond his legal authority, placing it within the exceptions to state-agent immunity under Alabama Code section 6-5-338 and controlling legal principles.

**COUNT 14**
**(Assault)**
**(Against Atkinson)**

113. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

114. Defendant Atkinson intentionally participated in actions-including surrounding Plaintiff's vehicle while armed, opening his car door without consent, issuing commands at close range, and physically intruding into his personal space-that were designed to, and did, cause Plaintiff to reasonably apprehend imminent harmful or offensive contact. Defendant Atkinson's participation in this conduct was willful, malicious, done in bad faith, and/or beyond his legal authority, placing it within the exceptions to state-agent immunity under Alabama Code section 6-5-338 and controlling legal principles.

**COUNT 15**
**(Battery)**
**(Against Atkinson)**

115. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

116. Defendant Atkinson intentionally participated in making physical contact with Plaintiff in a harmful and offensive manner, including physically restraining him and applying handcuffs tightly enough to cause pain and leave marks. Plaintiff did not consent to this contact; any apparent submission was the product of coercion by armed law enforcement officers and not voluntary agreement. Defendant Atkinson's participation in this conduct was willful, malicious, done in bad faith, and/or beyond his legal authority, placing it within the exceptions to state-agent immunity under Alabama Code section 6-5-338 and controlling legal principles.

**COUNT 16**
**(Trespass to Real Property)**
**(Against Atkinson)**

117. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

118. Defendant Atkinson intentionally participated in entering Plaintiff's property without permission, warrant, or lawful justification. As a direct result of this trespass, Plaintiff was deprived of the peaceful use and quiet enjoyment of his private property and suffered the additional harms alleged herein. Defendant Atkinson's conduct was willful, malicious, done in bad faith, and/or beyond his legal authority, placing it within the exceptions to state-agent immunity under Alabama Code section 6-5-338 and controlling legal principles.

**COUNT 17**
**(Invasion of Privacy)**
**(Against Atkinson)**

119. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

120. Plaintiff had a reasonable expectation of privacy in the curtilage of his home, including the private yard where his vehicle was parked. Defendant Atkinson intentionally participated in intruding into Plaintiff's private affairs and private space-at his home, in his vehicle, and on his property-without consent, warrant, or lawful authority, in a manner that would be highly offensive to a reasonable person. Defendant Atkinson's conduct was willful, malicious, done in bad faith, and/or beyond his legal authority, placing it within the exceptions to state-agent immunity under Alabama Code section 6-5-338 and controlling legal principles.

**COUNT 18**
**(Negligence)**
**(Against Atkinson)**

121. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

122. Defendant Atkinson owed Plaintiff duties to act reasonably and lawfully under the circumstances, and-in the alternative-duties not to act with reckless or conscious disregard for Plaintiff's rights and safety.

123. Defendant Atkinson breached those duties by participating in intruding onto private property, forcefully opening Plaintiff's door without consent, escalating the encounter without lawful basis, and arresting and detaining Plaintiff without probable cause or other lawful authority. Defendant Atkinson's conduct in doing so was willful, malicious, done in bad faith, and/or beyond his legal authority, placing it within the exceptions to state-agent immunity under Alabama Code section 6-5-338 and controlling legal principles.

124. In the alternative to Plaintiff's intentional-tort theories, that conduct was negligent. In the further alternative, Defendant Atkinson's conduct-including proceeding with the arrest and detention of Plaintiff after he produced facially valid identification documents demonstrating lawful status-was wanton, in that it was carried on with reckless or conscious disregard of Plaintiff's rights and safety.

**COUNT 19**
**(42 U.S.C. § 1983 - Fourteenth Amendment)**
**(Due Process)**
**(Against Atkinson)**

125. Plaintiff adopts and incorporates paragraphs 1 - 62 as if fully set forth herein.

126. The Fourteenth Amendment to the U.S. Constitution provides: "No State shall… deprive any person of life, liberty, or property, without due process of law…"

127. Defendant Atkinson violated Mr. Alvirde's Due Process right under the Fourteenth Amendment by imprisoning him on less than probable cause to believe that he was a non-citizen subject to removal and detention without providing him notice or an opportunity to respond.

**DAMAGES**

128. Plaintiff suffered:

a. loss of liberty;

b. physical pain and injury from handcuffing/restraint;

c. mental anguish, humiliation, and emotional distress;

d. disruption of work and potential lost income;

e. fear and anxiety regarding future encounters; and

f. other compensatory damages to be proven at trial.

129. Plaintiff alleges that the individual defendants acted willfully, maliciously, oppressively, and/or with reckless disregard for Plaintiff's rights, supporting an award of punitive damages to the extent permitted by law.

**PRAYER FOR RELIEF**

Plaintiff demands judgment against Defendants as follows:

a. Compensatory damages in an amount to be determined by the jury.

b. Punitive damages against Atkinson, Rogers, and the Doe federal agents as permitted by law.

c. Attorneys' fees and costs under 42 U.S.C. § 1988 (for § 1983 claims) and other applicable law.

d. Pre-judgment and post-judgment interest.

e. Declaratory relief, to the extent available, that Defendants' actions violated Plaintiff's constitutional rights.

f. Such other relief as the Court deems just and proper.

g. **An order permitting early, limited discovery** directed to identifying Doe Defendants 2-3, including subpoenas to the City of Hueytown and appropriate DHS components for incident logs, tasking records, dispatch or other communications, body-camera or other video, and personnel rosters for the February 1, 2025, operation.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

**Dated: September 3, 2026.**

Respectfully Submitted,

*/s/ Freddy Rubio*
Freddy Rubio (ASB-5403-D62R)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7852
e. frubio@rubiofirm.com

*/s/ Jason L. Yearout*
Jason L. Yearout (ASB-4470-T80J)
Attorney for Plaintiff
**RUBIO LAW FIRM, P.C.**
490 Wildwood No. Cir., Ste. 150
Birmingham, AL 35209
t. 205.443.7855
e. jyearout@rubiofirm.com

## CERTIFICATE OF SERVICE

I certify that on **September 3, 2026**, a true and correct copy of the foregoing was served by filing it through the court's electronic filing system, or if not filed, then by electronic mail (or as indicated below) on the following counsel and/or *pro se* parties:

*Attorney for Hueytown Defendants*

Wayne Morse, Jr.
**WALDREP STEWART & KENDRICK, LLP**
2850 19th Street South, Suite 370
Homewood, Alabama 35209
t. 205.327.8325
e. morse@wskllp.com

*/s/ Jason L. Yearout*
Of Counsel